**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| DEVON L. JOHNSON,<br>Plaintiff,<br>v.<br>INSIGHT GLOBAL, LLC,<br>Defendant. | CIVIL ACTION<br>NO. 1:25-cv-05358-SDG-RGV |

**FINAL REPORT AND RECOMMENDATION**

After removing this action from the Superior Court of Fulton County, Georgia, to this Court, see [Doc. 1],[1] defendant Insight Global, LLC ("Insight Global"), filed a motion to dismiss *pro se* plaintiff Devon L. Johnson's ("Johnson") complaint, [Doc. 4]. Johnson partially opposes Insight Global's motion to dismiss, [Doc. 5], and Insight Global has filed a reply in support of its motion, [Doc. 8]. Johnson also filed a motion to remand to state court, [Doc. 6], and an amended complaint, [Doc. 7]. Insight Global opposes Johnson's motion to remand, [Doc. 9], and also filed a motion to dismiss Johnson's amended complaint, [Doc. 10], which Johnson opposes, [Docs. 11 & 12]. Johnson also filed two additional requests for remand to state court, [Docs. 13 & 21], which Insight Global opposes, [Doc. 14],

[1] The listed document and page numbers in citations to the record in this Final Report and Recommendation refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

and Johnson also filed a motion for sanctions, [Doc. 15], and supplemental motion for sanctions, [Doc. 18], both of which Insight Global also opposes, [Docs. 17 & 19], and Johnson filed a reply, [Doc. 20]. Additionally, Johnson filed an emergency motion for an evidentiary hearing, [Doc. 22], a motion for an immediate ruling on remand, [Doc. 23], a motion for a status conference, [Doc. 24], a motion for emotional distress damages, [Doc. 25], and a motion to rule on all pending motions, [Doc. 27]. Finally, Johnson has filed a request for certification and transmittal of remand order. [Doc. 16].[2] For the reasons that follow, it is **RECOMMENDED** that Johnson's motions to remand to state court, [Docs. 6, 13, & 21], be **DENIED**; that his motions for sanctions, for certification and transmittal of remand order, for an immediate evidentiary hearing, to strike and for an order to show cause, and for emotional distress damages, [Docs. 15, 16, 18, 22, 25, & 26],

[2] Johnson also objects to three motions purportedly filed by Insight Global for defense counsel's failure to serve him with the motions, [Doc. 21 at 2], and has filed a motion to strike Insight Global's filings on this basis as well as a request for a show cause order, [Doc. 26]. First, he points to a purported motion filed by Insight Global on November 3, 2025. [Doc. 21 at 2; Doc. 26 at 1]; however, a review of the docket reflects that Insight Global did not file a motion on November 3, but rather its motion to dismiss Johnson's amended complaint was submitted to the undersigned on that day for consideration, see [Docket entry dated 11/03/2025]. Additionally, Johnson's motion to strike reflects that he actually received the two other responses, but that he maintains he received them late and that defense counsel "intentionally withheld notice[.]" [Doc. 26 at 1-2 (emphasis omitted)]. The Court has reviewed Johnson's arguments presented in his motion to strike and finds his arguments to be without merit and the Court declines to consider these arguments any further. Accordingly, Johnson's motion to strike and motion for order to show cause, [Doc. 26], is due to be denied.

be **DENIED**; that his motions for an immediate ruling on remand, for a status conference, and for a ruling on all pending motions, [Docs. 23, 24, & 27], be **DENIED AS MOOT**; that Insight Global's motion to dismiss the original complaint, [Doc. 4], be **DENIED AS MOOT**; and that its motion to dismiss Johnson's amended complaint, [Doc. 10], be **GRANTED** with respect to all the federal claims and that the state law claims be remanded to the Superior Court of Fulton County, Georgia.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action arises out Johnson's employment as a Financial Fraud Analyst with Insight Global from June 3, 2024, through his termination in September 2024. [Doc. 1-1 at 3-4].[3] Johnson alleges that he was placed on a performance improvement plan on July 29, 2024, and that he was terminated from his employment with Insight Global in September 2024. [Id. at 4]. On October 3, 2024, Johnson filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based on his sexual orientation and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). See [Doc. 4-2]. Johnson was issued a right to sue letter from the EEOC on January 13, 2025, [Doc. 1-1 at 19], and he initiated an action against

[3] The facts are taken from Johnson's complaint and amended complaint, as well as the parties' pleadings, and do not constitute findings of fact by this Court.

Insight Global in this Court on March 18, 2025, alleging similar claims to the present action, and the undersigned issued a Report and Recommendation on May 15, 2025, recommending that the action be dismissed, see Johnson v. Insight Global, LLC, Civil Action No. 1:25-cv-01416-SDG, at [Docs. 1 & 20]. Thereafter, Johnson filed the present action on August 12, 2025, in the Superior Court of Fulton County. [Doc. 1-1 at 3-8].

In his original complaint removed to this Court, Johnson alleges federal claims under Title VII and the Americans with Disabilities Act ("ADA"), as amended by the ADA Amendments Act of 2008, 42 U.S.C. §§ 12101 et seq., as well as state law claims of negligent misrepresentation, tortious interference with employee relations, and intentional infliction of emotional distress. [Id. at 4-5]. He also includes a laundry list of federal and state statutes he asserts were violated, and alleges that this "lawsuit is a separate state-law tort action based on distinct facts, injuries, and statutory grounds from any ongoing federal complaint." [Id. at 5-6]. Johnson "emphasizes that the claims presented here relate solely to conduct occurring from June 2024 to September 2024 and are distinct from matters raised in his federal employment lawsuit[.]" [Id. at 7].

On September 22, 2025, Insight Global moved to dismiss Johnson's original complaint, [Doc. 4], arguing that Johnson has engaged in improper claim-splitting, since this case is related in time, origin, and motivation as his previous case still

pending in this Court; that Johnson failed to exhaust his administrative remedies as to his ADA claims; and that he has failed to state a claim upon which relief may be granted, [Doc. 4-1 at 1-2, 5-22 (citation omitted)]. Johnson filed a response to Insight Global's motion to dismiss, [Doc. 5], arguing that this "is a Georgia case, asserting only Georgia state-law causes of action, properly filed in the Superior Court of Fulton County," and that Insight Global's "removal was improper," [id. at 1 (emphasis omitted)].[4] Insight Global filed a reply in support of its motion, [Doc. 8], and Johnson filed a motion to remand this case to state court, [Doc. 6], asserting that he "has now filed an [a]mended [c]omplaint eliminating all possible federal causes of action and asserting only Georgia state-law claims," [id. at 1 (emphasis omitted)]. Johnson also filed an amended complaint, [Doc. 7]; however, this amended complaint is nearly identical to Johnson's original complaint and still asserts claims under Title VII and the ADA, while referencing additional federal statutes, see [id. at 4-6].[5] Insight Global filed a response to Johnson's

---

[4] Within his response, Johnson also argues that Insight Global's "conduct in removing this case and filing its sprawling [m]otion to [d]ismiss is not legitimate advocacy," and that Insight Global's "[c]onduct [w]arrants [s]anctions." [Doc. 5 at 13, 15 (emphasis omitted)].

[5] Johnson did attach to his motion to remand a document entitled, "Amended Complaint (State-Law Claims Only)," in which he has removed any federal claims and specifically asserts that he "expressly waives and abandons any and all federal statutory claims, including Title VII, ADA, §[]1981, EPA, OSHA, the Rehabilitation Act, and 18 U.S.C. §[]1512," and reiterating that "[t]his case arises solely under Georgia law." [Doc. 6-1 (emphasis and all caps omitted)]. However, Johnson

motion to remand, [Doc. 9], pointing out that despite his assertion that the case should be remanded because he is dismissing all federal claims, "his purported dismissal of all federal claims is unsupported by the [a]mended [c]omplaint," [id. at 2 (footnote and citation omitted)]. Insight Global also filed a motion to dismiss Johnson's amended complaint, [Doc. 10], which Johnson opposes, [Docs. 11 & 12], arguing that this "case arises under the exclusive jurisdiction and authority of the State of Georgia" and that his claims are "independently actionable under Georgia's statutory framework and public policy, and none are dependent on any prior or concurrent federal proceeding," [Doc. 11 at 1 (emphasis omitted)].

Johnson also filed two additional requests for immediate remand, [Docs. 13 & 21], reiterating that his amended complaint "no longer contains any federal causes of action" and that all "remaining claims arise exclusively under Georgia state law," [Doc. 13 at 1 (emphasis omitted)]. He therefore contends that "this Court no longer retains subject-matter jurisdiction, and immediate remand to state court is both proper and required." [Id. (emphasis omitted)]. Insight Global responded to this motion, [Doc. 14], reiterating that because the operative

---

captioned this "amended complaint" as if it were brought in the Superior Court of Fulton County, see [id. at 3], and thus, the operative complaint in this action remains the amended complaint Johnson separately filed in this Court, though still captioned as if brought in the Superior Court of Fulton County but with this Court's civil action number, on September 25, 2025, which still asserts federal claims, see [Doc. 7].

amended complaint "appears substantially the same as the original [c]omplaint and continues to assert claims pursuant to federal law," Johnson's argument for remand is "wholly unsupported by the [a]mended [c]omplaint," [id. at 2-3 (footnote and citations omitted)].[6] The pending motions having been fully briefed are now ripe for ruling.

---

[6] Johnson also filed a motion for sanctions, [Doc. 15], and a supplemental motion for sanctions, [Doc. 18], in which he contends that Insight Global has "deliberately abused the litigation process by continuing to file pleadings in federal court after judicial confirmation that this matter had been remanded to the Superior Court of Fulton County," [Doc. 15 at 1 (emphasis omitted)]. Relatedly, Johnson also filed an emergency motion for an immediate evidentiary hearing, [Doc. 22], and a motion for emotional distress damages based on defense counsel's purported litigation misconduct, including filing documents while "knowing this Court had already divested jurisdiction," [Doc. 25]. In support of these motions, Johnson points to a docket entry dated October 24, 2025, which he construes as "confirming this matter's remand to the Superior Court of Fulton County[.]" [Doc. 15 at 3 (emphasis omitted)]; see also [Doc. 22 at 1]. Johnson also filed a request for certification and transmittal of remand order, [Doc. 16], in which he contends that because the undersigned entered a docket notation on October 24, 2025, indicating that this matter "has been remanded to the Superior Court of Fulton County," he requests an "immediate certification and transmittal" by the Clerk, [id. at 1 (emphasis omitted)]. However, as Insight Global points out, "[n]o orders have been entered on either motion for remand," this "case has not been remanded and remains within the jurisdiction of this Court," and the "docket entry referring the motion to [the undersigned] is clear on its face and is not confusing," but it appears that Johnson "misunderstands the docket entry," and therefore, "there is no basis for awarding sanctions on [Johnson's] erroneous assertions regarding remand." [Doc. 17 at 3]. Indeed, the docket entry in question states, "Submission of 6 MOTION to Remand to State Court, to Magistrate Judge Russell G. Vineyard," see [Docket entry dated 10/24/2025], and thus, this entry simply notes the submission of Johnson's motion to remand, [Doc. 6], to the undersigned for consideration, and does not in any way indicate that this matter has been remanded to the Superior Court of Fulton County as argued by Johnson, [Doc. 16 at 1]. Accordingly, it is **RECOMMENDED** that Johnson's motions for sanctions, request for certification

## II. DISCUSSION

### A. Johnson's Motions for Remand, [Docs. 6, 13, & 21]

As a preliminary matter, the Court must determine whether it has jurisdiction over this removed action. Bank of N.Y. v. Wilson, Civil Action File No. 1:08-CV-332-TWT, 2008 WL 544741, at *1 (N.D. Ga. Feb. 25, 2008), adopted at *1. On September 18, 2025, Insight Global removed this action from the Superior Court of Fulton County, Georgia, based on federal question jurisdiction, since Johnson alleged various claims under federal law, as well as supplemental jurisdiction over Johnson's state law claims. See [Doc. 1]. Johnson asserts that this action should be remanded to state court because he "has now filed an [a]mended [c]omplaint eliminating all possible federal causes of action and asserting only Georgia state-law claims." [Doc. 6 at 1 (emphasis omitted)]. He states that he "expressly waives and abandons all federal statutory claims listed in [Insight Global's] Notice of Removal, including but not limited to Title VII, the ADA, 42 U.S.C. § [] 1981, the Equal Pay Act, OSHA, the Rehabilitation Act, and 18 U.S.C. § [] 1512." [Id. (emphasis omitted)]. Johnson thus claims that "this Court no longer retains subject-matter jurisdiction, and immediate remand to state court is both proper and required." [Doc. 13 at 1 (emphasis omitted)]. In response,

---

and transmittal of remand order, motion for an immediate evidentiary hearing, and motion for emotional distress damages, [Docs. 15, 16, 18, 22, & 25], be **DENIED**.

Insight Global explains that while Johnson "argues this case should be remanded back to state court because he is now dismissing all federal law claims that he was previously pursuing in the [c]omplaint," his "purported dismissal of all federal claims is unsupported by the [a]mended [c]omplaint," since the amended complaint "appears substantially the same as the original [c]omplaint and continues to assert claims pursuant to federal law." [Doc. 9 at 2 (footnote and citation omitted)]. Therefore, Insight Global maintains that "this Court still has federal question jurisdiction over the federal claims asserted by [Johnson], as well as supplemental jurisdiction over the Georgia state law claims," and Johnson's "motion[s] to remand should be denied." [Id. at 3]. The Court agrees with Insight Global.

"Only state-court actions that originally could have been filed in federal court may be removed[.]" Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (footnote omitted). Federal courts have original jurisdiction over an action only if: "(1) the parties are diverse and meet the statutory requirements for diversity jurisdiction; (2) the face of the complaint raises a federal question; or (3) the subject matter of a putative state-law claim has been totally subsumed by federal law such that the state-law claims are completely preempted." Stegeman v. Wachovia Bank, Nat'l Ass'n, No. 1:06-CV-0247-WSD, 2006 WL 870420, at *1 (N.D. Ga. Apr. 4, 2006) (citation omitted). The parties make no argument about diversity jurisdiction, and

Johnson has alleged that Insight Global "is a Georgia corporation," [Doc. 1-1 at 3], and therefore, the "power to hear this case hinges on whether [the Court has] federal question jurisdiction," Poet Theatricals Marine, LLC v. Celebrity Cruises, Inc., No. 21-10410, 2023 WL 3454614, at *3 (11th Cir. May 15, 2023) (per curiam).

"Determination of whether a claim arises under federal law 'is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Wilson, 2008 WL 544741, at *1 (quoting Caterpillar, 482 U.S. at 392); see also Schleider v. GVDB Operations, LLC, 121 F.4th 149, 155–56 (11th Cir. 2024) (citation omitted). Under the well-pleaded complaint rule, "the plaintiff is 'the master of the claim; he . . . may avoid federal jurisdiction by exclusive reliance on state law.'" Wilson, 2008 WL 544741, at *1 (citation omitted) (quoting Caterpillar, 482 U.S. at 392). "In determining the presence of a federal question, this Court looks to the substance, not the labels, of the plaintiff's claims as contained in the factual allegations in the complaint." Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010) (citation omitted); see also Dominium Mgmt. Servs., LLC v. Vinson, CIVIL ACTION NO. 1:25-cv-00039-JPB-RGV, 2025 WL 1606144, at *2 (N.D. Ga. Feb. 10, 2025) (citation omitted), adopted by 2025 WL 1606928, at *1 (N.D. Ga. Feb. 28, 2025). The "burden is on [Insight

Global] as the removing party to show that the federal court has jurisdiction." Dominium Mgmt. Servs., LLC, 2025 WL 1606144, at *2 (citation omitted).

Despite Johnson's assertions that this case should be remanded to state court, the face of his amended complaint reveals that, in fact, he still alleges violations of Title VII and the ADA, among references to other federal laws. See [Doc. 7 at 3-7].[7] Thus, according to the allegations of Johnson's amended

---

[7] As previously noted, while Johnson attached an "amended complaint" to his first motion for remand that omits any federal claims or references to federal law, this amended complaint is captioned as if filed in the Superior Court of Fulton County, Georgia, see [Doc. 6-1 (emphasis and all caps omitted)], but the only amended complaint separately filed on the docket in this Court is [Doc. 7], which is nearly identical to the original complaint removed by Insight Global and that still contains claims pursuant to federal law, compare [Doc. 1-1], with [Doc. 7]. The Court recognizes that the Supreme Court recently "held that when a plaintiff amends a complaint after removal to eliminate the federal-law claim that enabled removal, the district court cannot exercise supplemental jurisdiction over the remaining state-law claims and must remand the case," Elevated Foundations Corp. v. Paces Funding, LLC, CIVIL ACTION NO. 1:24-CV-3878-ELR-CCB, 2025 WL 2743867, at *3 (N.D. Ga. July 23, 2025) (citing Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22, 30 (2025)), adopted by 2025 WL 2743864, at *1 (N.D. Ga. Aug. 8, 2025). Indeed, the Supreme Court explained that "[w]hen a plaintiff amends [his] complaint following [his] suit's removal, a federal court's jurisdiction depends on what the new complaint says," and if "the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves" and "[w]ith the loss of federal-question jurisdiction, the court loses as well its supplemental jurisdiction over the state claims." Royal Canin U.S.A., Inc., 604 U.S. at 30. That is, when the "operative pleading no longer supports federal jurisdiction, [] the federal court must remand the case to the state court where it started." Id. at 39. Here, however, the operative amended complaint still supports federal question jurisdiction by asserting claims pursuant to federal law, see [Doc. 7], and therefore, this Court still retains jurisdiction over Johnson's amended complaint.

complaint, federal question jurisdiction does exist. Accordingly, this Court has jurisdiction over Johnson's case, and it is **RECOMMENDED** that his motions for remand, [Docs. 6, 13, & 21], be **DENIED**.

## B. Insight Global's Motions to Dismiss, [Docs. 4 & 10]

### 1. *Legal Standard*

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of an action if the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the Court must accept Johnson's allegations as true and construe the complaint in his favor. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993); Tapsoba v. Khiani Alpharetta, LLC, Civil Action No. 1:13–CV–1519–RWS, 2013 WL 4855255, at *1 (N.D. Ga. Sept. 11, 2013).[8] "While a complaint attacked by a

[8] "However, the court need not 'accept as true a legal conclusion couched as a factual allegation.'" Smith v. Delta Air Lines, Inc., 422 F. Supp. 2d 1310, 1324 (N.D. Ga. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Thus, evaluation of a motion to dismiss requires two steps: (1) eliminate any allegations in the pleading that are merely legal conclusions, and (2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Joseph v. Bd. of Regents of Univ. Sys. of Ga., CIVIL ACTION FILE NO. 1:20-cv-502-TCB, 2020 WL 6494202, at *3 (N.D. Ga. May 8, 2020) (citation and internal marks omitted). "To be sure, a plaintiff may use legal conclusions to structure his complaint, but legal conclusions must be supported by factual allegations," and courts "are not bound to accept a legal conclusion couched as a factual allegation," but "must identify conclusory allegations and then discard them—not on the ground that they are unrealistic or nonsensical but because their conclusory nature disentitles them to the presumption of truth." Bryant v. Norfolk S. R.R., CIVIL ACTION NO. 5:20-cv-

Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [] [Johnson's] obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (last alteration in original) (citations and internal marks omitted); see also Lenbro Holding Inc. v. Falic, 503 F. App'x 906, 909 (11th Cir. 2013) (per curiam) (unpublished) (alterations in original) (citation omitted) ("Allegations entitled to no assumption of truth include '[l]egal conclusions without adequate factual support' or '[f]ormulaic recitations of the elements of a claim.'").

"Factual allegations must be enough to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555 (footnote and citation omitted), as "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face,'" Cisneros v. Petland, Inc., 972 F.3d 1204, 1210 (11th Cir. 2020) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662,

---

00225-TES, 2020 WL 7634588, at *2 (M.D. Ga. Dec. 22, 2020) (citations and internal marks omitted). That is, "[c]onclusory allegations do not unlock the doors of discovery for [a] plaintiff[]," nor "does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Andrews v. City of Hartford, 700 F. App'x 924, 925 (11th Cir. 2017) (per curiam) (unpublished) (last alteration in original) (citation and internal marks omitted).

678 (2009) (citing Twombly, 550 U.S. at 556). "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Rodemaker v. Shumphard, 859 F. App'x 450, 451 (11th Cir. 2021) (per curiam) (unpublished) (citation and internal marks omitted).

The Supreme Court in Iqbal held:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not "show[n]"–"that the pleader is entitled to relief."

Iqbal, 556 U.S. at 678-79 (last alteration in original) (citations omitted); see also Evans v. Ga. Dep't of Behav. Health & Developmental Disabilities, CV 415-103, 2018 WL 4610630, at *3 (S.D. Ga. Sept. 25, 2018) (alterations in original) (citation and internal marks omitted) ("Although there is no probability requirement at the pleading stage, something beyond . . . mere possibility . . . must be alleged."). "While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 556), "[t]o state a plausible claim for relief, [] [Johnson] must go beyond

merely pleading the 'sheer possibility' of unlawful activity by the defendant and so must offer 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,'" Stabb v. GMAC Mortg., LLC, 579 F. App'x 706, 708 (11th Cir. 2014) (per curiam) (unpublished) (citation omitted). "Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law." Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1342 (N.D. Ga. 2013) (citations and internal marks omitted), adopted at 1336; see also Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (per curiam) (citation omitted); Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citations omitted).[9]

**2. *Analysis***

Insight Global has filed a motion to dismiss Johnson's amended complaint, [Doc. 10], arguing that the Court "should dismiss [his] claims for improper claim-splitting"; that his ADA claims "should also be dismissed for a failure to exhaust

[9] Although *pro se* pleadings are governed by less stringent standards than pleadings prepared by attorneys, see Haines v. Kerner, 404 U.S. 519, 520 (1972); Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), *pro se* parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure and this District's Local Rules, Grew v. Hopper, No. 2:07-cv-550-FtM-34SPC, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008); see also Beckwith v. Bellsouth Telecomms., Inc., 146 F. App'x 368, 371 (11th Cir. 2005) (per curiam) (unpublished) (citation omitted) (stating "[a]lthough we construe them liberally, *pro se* complaints also must comply with the procedural rules that govern pleadings").

his administrative remedies"; and that his amended complaint "should be dismissed for failure to state a claim upon which relief can be granted," [id. at 3].[10] Johnson filed two responses to Insight Global's motion, [Docs. 11 & 12], arguing that this case "is not . . . a refiling of federal discrimination claims," but rather, "is a state-level tort action" and that his amended complaint "articulates detailed, well-supported causes of action under Georgia tort law," [Doc. 11 at 1 (emphasis omitted)]. Johnson does not address the federal claims asserted in his amended complaint, see [Doc. 7 at 3-8], but has consistently argued that this case "asserts

[10] While Insight Global also filed a motion to dismiss Johnson's original complaint, [Doc. 4], Johnson amended his complaint, [Doc. 7], and this amended complaint supersedes the original complaint, [Doc. 1-1], because it was filed within the requisite extended period of time for amendment as a matter of course, see [Doc. 7]; Fed. R. Civ. P. 15(a)(1)(B), and the original complaint is no longer the operative pleading before the Court, see Locascio v. BBDO Atlanta, Inc., 56 F. Supp. 3d 1356, 1359 n.2 (N.D. Ga. 2014) (citations omitted), adopted at 1358. Thus, Insight Global's motion to dismiss the original complaint, [Doc. 4], has been rendered moot because the motion pertains to the original complaint, which is no longer the operative pleading in this case, see Paulo v. OneWest Bank, FSB, No. 1:13–cv–3695–WSD, 2014 WL 3557703, at *7 (N.D. Ga. July 18, 2014) (citation omitted) (denying defendant's motion to dismiss the original complaint as moot because plaintiff's amended complaint "replace[d] the original complaint and [was] the 'operative pleading' in the case"), adopted at *6; Hall v. Deutsche Bank Nat'l Tr. Co., CIVIL ACTION FILE NO. 1:11-CV-02524-AT-AJB, 2012 WL 13009212, at *2 (N.D. Ga. Feb. 17, 2012) (citations omitted) ("[T]he amended complaint renders moot the motion to dismiss because that motion seeks to dismiss a pleading that has been superseded."); Bradley v. DeKalb Cnty., Civil Action File No. 1:10–CV–0218–TWT–GGB, 2010 WL 4639240, at *2 (N.D. Ga. May 17, 2010) ("Defendants' first motion to dismiss has been rendered moot by the filing of [p]laintiff's [a]mended [c]omplaint."), adopted by 2010 WL 4638887, at *1 (N.D. Ga. Nov. 4, 2010). Accordingly, it is **RECOMMENDED** that the motion to dismiss Johnson's original complaint, [Doc. 4], be **DENIED AS MOOT**.

only Georgia tort and statutory claims" and that he has "abandoned all federal claims," [Doc. 5 at 3-4 (emphasis omitted)]. "Because [Johnson] has failed to defend his [federal] claims against [Insight Global], those claims are due to be dismissed." Kirkland v. Cnty. Comm'n of Elmore Cnty., No. 2:08cv86–MEF, 2009 WL 596538, at *2 (M.D. Ala. Mar. 6, 2009). Indeed, Johnson has expressly stated he "waives and abandons all federal statutory claims," [Doc. 6 at 1 (emphasis omitted)], and this is an unequivocal abandonment of the federal claims asserted in his amended complaint, see Ekokotu v. Fed. Exp. Corp., 523 F. App'x 629, 632 (11th Cir. 2013) (per curiam) (unpublished) (citation omitted) (finding the district court "correctly held that [plaintiff] abandoned the claims because he not only failed to argue them in response to [defendant's] motion . . ., but he explicitly and unequivocally disavowed them in [his] response to [defendant's] motion"). Thus, the federal claims asserted in Johnson's amended complaint, [Doc. 7], are due to be dismissed.[11]

"When a court dismisses all federal claims from a case, there is a very strong argument for dismissal of state claims, especially where the federal claims are dismissed prior to trial." Bruce v. Westlake Servs., LLC, CIVIL ACTION FILE NO.

---

11 "Alternatively, the Court finds that the legal arguments advanced by [Insight Global] in its brief in support of its motion to dismiss are well taken and warrant dismissal [of the federal claims] on the merits as well." Kirkland, 2009 WL 596538, at *2; see also [Doc. 10-1].

1:24-cv-5040-MLB-JKL, 2025 WL 1276619, at *6 (N.D. Ga. Feb. 11, 2025) (citation and internal marks omitted), adopted by 2025 WL 1606914, at *1 (N.D. Ga. Apr. 15, 2025). Because Johnson "disclaims that he seeks relief under federal law" and "has clarified that he pursues only [] state law claim[s] and there is no apparent basis for the court to exercise original jurisdiction over [those] claim[s], the Court cannot discern any claim over which it has original jurisdiction," and "supplemental jurisdiction is likely improper." Whitley v. Leeper, Case No. 3:25-cv-441-MMH-MCR, 2025 WL 1564298, at *1 (M.D. Fla. June 3, 2025) (citation omitted) (citing Royal Canin U.S.A., Inc., 604 U.S. at 25-26). That is, with Johnson's "federal claim[s] now gone, [this Court] no longer [has] supplemental jurisdiction over [ his] related state-law claims." Doe v. Fenix Int'l, Ltd., CASE NO. 22-cv-62176-ALTMAN/Strauss, 2025 WL 336741, at *11 (S.D. Fla. Jan. 30, 2025) (citations omitted). Since this case was removed from state court, it is **RECOMMENDED** that the remaining state law claims be remanded back to the Superior Court of Fulton County.[12] Id.; see also Sister City Logistics, Inc. v. Fitzgerald, CV 124-148, 2025 WL 1779561, at *4 (S.D. Ga. June 27, 2025) (explaining that "in light of the Supreme Court's holding in Wullschleger, the Court no longer possesses federal

---

12 In light of these rulings, it is **RECOMMENDED** that Johnson's remaining motions, [Docs. 23, 24, & 27], which seek an immediate ruling on remand, a request for a status conference, and a ruling on all pending motions be **DENIED AS MOOT**.

question jurisdiction, nor does it have supplemental jurisdiction over the remaining state law claims," since plaintiff removed any reference to the sole federal claim in his amended complaint); Petersen v. Doctor, Case No. 3:24-cv-1252-MMH-PDB, 2025 WL 268252, at *1 (M.D. Fla. Jan. 22, 2025) (explaining that the Court "no longer ha[d] the authority to exercise supplemental jurisdiction over [plaintiff's] state law claims," since plaintiff filed an amended complaint bringing only state law claims following removal).[13]

## IV. CONCLUSION

For the reasons stated herein, it is **RECOMMENDED** that Johnson's motions to remand to state court, [Docs. 6, 13, & 21], be **DENIED**; that his motions for sanctions, for certification and transmittal of remand order, for an immediate evidentiary hearing, to strike and order Insight Global to show cause, and for emotional distress damages, [Docs. 15, 16, 18, 22, 25, & 26], be **DENIED**; that his motions for an immediate ruling on remand, for a status conference, and to rule

---

[13] Finally, Insight Global points out that Johnson appears to rely upon citations to non-existent caselaw, which may be the result of generative artificial intelligence. See e.g., [Doc. 17 at 3-4]. Johnson is admonished that his "*pro se* status does not shield him from the 'same duty of candor to the court as imposed on any other litigant.'" United States v. Stephens, Case No. 23-CIV-80043-SINGHAL, 2025 WL 2840746, at *3 (S.D. Fla. Aug. 7, 2025) (citation omitted) (quoting Kendrick v. Sec'y, Fla. Dep't of Corr., No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. 2022) (per curiam)). "Citing imprecise, non-existent legal authority breaches this duty of candor." Id. Therefore, Johnson is cautioned that any further reliance on non-existent case law may result in sanctions being imposed against him.

on all pending motions, [Docs. 23, 24, & 27], be **DENIED AS MOOT**; that Insight Global's motion to dismiss the original complaint, [Doc. 4], be **DENIED AS MOOT**; and that its motion to dismiss Johnson's amended complaint, [Doc. 10], be **GRANTED** with respect to all the federal claims and that the state law claims be remanded to the Superior Court of Fulton County, Georgia.

The Clerk is **DIRECTED** to terminate this reference.

**IT IS SO RECOMMENDED** and **DIRECTED**, this 2nd day of December, 2025.

Russell G. Vineyard

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE